United States District Court
Southern District of Texas
**ENTERED**
January 25, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ESEQUIEL OCHOA, § | |
| § | |
| *Petitioner*, § | |
| § | Civil Action No. H-22-0233 |
| v. § | |
| § | |
| BOBBY LUMPKIN, § | |
| § | |
| *Respondent.* § | |

**ORDER OF DISMISSAL**

Petitioner, a state inmate proceeding *pro se*, filed a habeas petition under 28 U.S.C. § 2254 challenging his two 2005 Harris County convictions for indecency with a child.

The threshold issue is whether the habeas petition is subject to dismissal as an unauthorized successive habeas petition. Having reviewed the pleadings as required under 28 U.S.C. § 2241, *et seq.*, and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that the petition must be dismissed for want of jurisdiction as an unauthorized successive habeas petition.

A review of the Court's records shows that petitioner unsuccessfully challenged his 2005 convictions in a section 2254 habeas petition filed with this Court in 2016. *See Ochoa v. Davis*, C.A. No. H-16-1081 (S.D. Tex.). The Court denied the petition on the merits as barred by limitations on October 19, 2016.

To the extent petitioner is re-urging habeas claims raised and dismissed in the earlier proceedings, the claims have been adjudicated and may not be reasserted here. 28 U.S.C. §

2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.").

To the extent petitioner is raising new habeas claims challenging the validity of his 2005 convictions, the instant habeas petition constitutes a second or successive federal habeas petition. Before a second or successive habeas application may be filed in federal district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner does not state, and public online records for the Fifth Circuit Court of Appeals do not show, that he has obtained authorization to file the instant petition. To the contrary, public online records for the Fifth Circuit show that the court denied petitioner authorization to file a successive habeas petition on October 18, 2018. *In re: Esequiel Ochoa*, No. 18-20545 (5th Cir. 2018). This Court lacks jurisdiction to adjudicate the instant petition.

The habeas petition is **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION** as an unauthorized successive habeas petition. Any and all pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 25th day of January, 2022.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE